# LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

EFILED LUCAS COUNTY
10/12/2022 04:35 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile_id 108877

**TO:** Bernie Quilter, Clerk of Courts

**CASE NO.** _____

**JUDGE** G-4801-CI-0202204013-000
Judge
**LINDSAY D. NAVARRE**

**The following type of case is being filed:**

**Professional Malpractice**
☐ Legal Malpractice (L)
☐ Medical Malpractice (M)

☐ **Product Liability** (B)

☐ **Other Tort** (C)

**Workers' Compensation**
☐ State Funded (D)
☐ Self Insured (K)

☐ **Administrative Appeal** (F)

☐ **Commercial Docket**

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
☐ Consumer Fraud (N)  ☐ Forfeiture
☐ Appropriation (P)   ☐ Court Ordered
☑ Other Civil (H)     ☐ Certificate of Title
☐ Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI _____.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is _____, assigned to Judge _____

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is _____, assigned to Judge _____

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number _____ Assigned Judge _____

Approve/Deny _____ Date _____   Approve/Deny _____ Date _____

**Attorney**     Fred M. Bean
**Address**      25825 Science Park Drive, Suite 200 Beachwood, OH 44122

**Telephone**    (216) 291-4744

EFILED LUCAS COUNTY
10/12/2022 04:35 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 108877

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| DORIAN WILLIAMS<br>4704 Violet Road, Apt. 12<br>Toledo, Ohio 43623 | )<br>)<br>) | CASE NO. G-4801-CI-0202204013-000<br><br>JUDGE: Judge LINDSAY D. NAVARRE |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES AND REINSTATEMENT** |
| CJ LOGISTICS AMERICA, LLC<br>c/o Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221 | )<br>)<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED HEREIN** |
| Defendant. | ) | |

Plaintiff, Dorian Williams, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

**JURISDICTION, PARTIES AND VENUE**

1. Williams is a resident of the city of Toledo, county of Lucas, state of Ohio.

2. CJ Logistics America, LLC ("CJ Logistics") is a foreign corporation that operates a business located at 1260 W. Laskey Road, Toledo, Ohio 43612.

3. All of the material events alleged in this Complaint occurred in Lucas County.

4. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C 2307.382(A)(1)-(4).

5. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

7. On or about March 10, 2021, Williams dual-filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") against CJ Logistics alleging unlawful discrimination.

1

8. On or about July 7, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Williams regarding the Charges of Discrimination brought by Williams against CJ Logistics in 532-2021-01235.

9. Williams' Right to Sue letter from the EEOC is attached hereto as Plaintiff's Exhibit A.

10. Williams has properly exhausted his administrative remedies pursuant to R.C. 4112.052 *et seq*.

## FACTS

11. Williams is a former employee of CJ Logistics.

12. Williams is African American.

13. Williams is a member of a protected class based on his race.

14. Williams began working at CJ Logistics on or about August 5, 2020 as a forklift operator.

15. Williams was an experienced forklift operator and was qualified to perform job duties.

16. On or about September 23, 2020, Williams was involved in a motor vehicle accident before work when another vehicle changed lanes on top of Williams.

17. The driver in the other car turned out to be Williams' coworker, Aaron Billings.

18. Billing is Caucasian.

19. Williams and Billings decided to continue traveling to work and assess the accident and exchange insurance information from there.

20. When Williams arrived to work at CJ Logistics, he clocked in and informed his manager, Maurice Conley, about the accident.

21. Williams asked Conley for permission to meet with Billings to discuss the accident and exchange insurance information.

22. Conley gave Williams permission to meet with Billings regarding the accident.

23. Conley also gave Billings permission to meet with Williams regarding the accident.



24. Williams met with Billings in CJ Logistics' employee parking lot to exchange insurance information based on the motor vehicle accident.

25. Billings initially refused to give Williams his insurance information.

26. Williams called his mother to bring additional ownership/registration documents because Williams' mother owned the car Williams was driving at the time of the accident.

27. The damage assessment and insurance exchange took about an hour to complete.

28. While Williams and Billings were meeting in the parking lot, Williams heard Billings make a racial slur.

29. Billings said, "niggers do too much, that's why you're in the position you're in."

30. Williams was upset with Billings about his racist comment and reluctance to exchange insurance information but did not engage with Billings about the racial slur.

31. After Williams and Billings exchanged insurance information, they both returned to work.

32. On or about September 24, 2020, Williams received a call from CJ Logistics Human Resources and learned that Billings accused Williams of threatening him with physical violence.

33. Williams denied threatening Billings with physical violence but no one from CJ Logistics wanted to listen.

34. On or about September 25, 2020, CJ Logistics terminated Williams' employment for clocking in on September 23, 2020, but not proceeding directly to his work assignment.

35. CJ Logistics treated Williams unfavorably compared to Williams' non-African American coworkers.

36. CJ Logistics did not terminate Billings, a Caucasian, for clocking in on September 23, 2020, but not proceeding directly to his work assignment for approximately the same amount of time as Williams.



37. Upon information and belief, CJ Logistics permitted similarly situated, non-African American employees to retain their employment despite having clocked in but failing to report to their work assignment for at least an hour.

38. CJ Logistics' termination of Williams' employment was an adverse action.

39. CJ Logistics' termination of Williams' employment was an adverse employment action.

40. CJ Logistics did not proffer a legitimate non-discriminatory reason for terminating Williams.

41. CJ Logistics' assertion that Williams was terminated for clocking in but not reporting directly to his work assignment has no basis in fact.

42. CJ Logistics' assertion that Williams was terminated for clocking in but not reporting directly to his work assignment did not actually motivate Defendants' decision to terminate Williams.

43. As a result of CJ Logistics' discriminatory conduct, Williams has suffered and will continue to suffer damages.

## COUNT I: RACE DISCRIMINATION

44. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

45. Throughout his employment, Williams was fully competent to perform his essential job duties.

46. CJ Logistics treated Williams differently than other similarly situated employees based on his race.

47. CJ Logistics violated R.C. § 4112.02(A) et seq. by discriminating against Williams due to his race.

48. On or about September 25, 2020, CJ Logistics terminated Williams without just cause.

49. At all times material herein, similarly situated non-African American employees were not terminated without just cause.

50. CJ Logistics terminated Williams based on his race.

4



51. CJ Logistics violated R.C. 4112.01 *et. seq.* when they terminated Williams based on his race.

52. Williams suffered emotional distress as a result of CJ Logistics' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

53. As a direct and proximate result of CJ Logistics' conduct, Williams has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Williams respectfully requests this Court grant the following:

a) An order requiring CJ Logistics to restore Williams to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

b) An award against CJ Logistics of compensatory and monetary damages to compensate Williams for lost wages, forward damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against CJ Logistics in an amount in excess of $25,000;

d) An award of reasonable attorney's fees and non-taxable costs for Williams' claims as allowable under law;

e) An award of the taxable costs of this action; and

f) An award of such other relief as this Court may deem necessary and proper.



Respectfully submitted,

*/s/Fred M. Bean*
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com
        David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff Dorian Williams*

## JURY DEMAND

Plaintiff Dorian Williams demands a trial by jury by the maximum number of jurors permitted.

*/s/Fred M. Bean*
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S LAW FIRM**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Cleveland Field Office
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/07/2022

**To:** Mr. Dorian Williams
4704 Violet Road, Apt. 12,
Toledo, OH 43623

Charge No: 532-2021-01235, Williams v CJ Logistics America

EEOC Representative and email:   Legal Unit
(267) 589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2021-01235.

Please retain this notice for your records.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
07/07/2022
Karen McDonough
Acting Field Director, Cleveland Field Office

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 532-2021-01235 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION

**FILING TYPE:**          **OTHER CIVIL**

CJ LOGISTICS AMERICA LLC
C/O CORPORATION SERVICE COMPANY
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON, OH 43221

G-4801-CI-0202204013-000
JUDGE: LINDSAY D NAVARRE

    You have the right to seek legal counsel. If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio. If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

    You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below. A copy of the Complaint is attached to this Summons.

    You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service or to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer. Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

    If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

PLAINTIFF (S)
DORIAN WILLIAMS
4704 VIOLET RD APT 12
TOLEDO, OH 43623

ATTORNEY FOR PLAINTIFF(S)
FRED M BEAN
THE SPITZ LAW FIRM LLC
25825 SCIENCE PARK DRIVE STE 200
BEACHWOOD, OH 44122

BERNIE QUILTER
CLERK OF COURTS

Date: October 13, 2022

_____, Clerk



# IF YOU DO NOT HIRE AN ATTORNEY
## PLEASE READ & RESPOND
(mark one & respond)

☐ I request to be notified by <u>email</u>

My email address _____

**Send email to:** Lwatt@co.lucas.oh.us
**Subject:** G-4801-CI-0202204013-000
CJ LOGISTICS AMERICA LLC
**Message:** Your email address

**OR**

☐ I request to be notified by <u>regular mail</u>
(Clerk will forward to Court for approval)

My mailing address _____
_____
_____

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

### If you do NOT hire an attorney & fail to respond you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by *(Printed Name)* | C. Date of Delivery |
| 1. Article Addressed to:<br><br>CJ LOGISTICS AMERICA LLC<br>G-4801-CI-0202204013-000#AM * | RECEIVED<br>Corporation Service Company<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>OCT 1 8 2022<br><br>By<br>Amy E. Kuhlman<br>Agent | |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7096 1251 2172 10 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Ar ‖ 7022 0410 0000 2356 7843 ‖ | ry Restricted Delivery<br>tricted Delivery<br>(over $500) | |

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

COLUMBUS OH 430

18 OCT 2022 PM 7 L

9590 9402 7096 1251 2172 10

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

OCT 2 4 2022

**United States Postal Service**



• Sender: Please print your name, address, and ZIP+4® in this box•

Lucas Co. Com. Pleas Court
Bernie Quilter, Clerk
Lucas County Clerk of Courts
700 Adams St.
Toledo, Ohio 43604